AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT

for the

District of Columbia

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

FOUR BUCCAL SWABS IN LAW ENFORCEMENT CUSTODY UNDER RULE 41

Case No. 26-SW-319

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A, herein incorporated by reference.

located in the Jurisdiction of the District of Columbia, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, herein incorporated by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to violations of:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 924(c) | Possession of a Firearm in Furtherance of a Drug Trafficking Offense |
| 18 U.S.C. § 922(g)(1) | Unlawful Possession of a Firearm by a Prohibited Person |
| 21 U.S.C. § 841 | Possession with Intent to Distribute a Controlled Substance |

The application is based on these facts:

See Attached Affidavit in support of Search Warrant, which is herein incorporated by reference.

- ☐ Continued on the attached sheet.
- ☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* ____________ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Joshua Rothman, Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone *(specify reliable electronic means)*.

Date: 10/05/2026

*Judge's signature*

City and state: Washington, D.C.

Matthew J. Sharbaugh, United States Magistrate Judge
*Printed name and title*

AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means ☑ Original ❒ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

District of Columbia

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*
FOUR BUCCAL SWABS IN LAW ENFORCEMENT CUSTODY UNDER RULE 41

Case No. 26-SW-319

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the Jurisdiction of the District of Columbia *(identify the person or describe the property to be searched and give its location)*:

See Attachment A, herein incorporated by reference.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B, herein incorporated by reference.

**YOU ARE COMMANDED** to execute this warrant on or before October 19, 2026 *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m. ❒ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to Matthew J. Sharbaugh.
*(United States Magistrate Judge)*

❒ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
❒ for _____ days *(not to exceed 30)* ❒ until, the facts justifying, the later specific date of _______________.

Date and time issued: 10/05/2026

*Judge's signature*

City and state: Washington, D.C.

Matthew J. Sharbaugh, United States Magistrate Judge
*Printed name and title*

## Return

| Case No.: 26-SW-319 | Date and time warrant executed: | Copy of warrant and inventory left with: |
|---|---|---|

Inventory made in the presence of :

Inventory of the property taken and name(s) of any person(s) seized:

## Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: ____________________

____________________
*Executing officer's signature*

____________________
*Printed name and title*

# ATTACHMENT A

*Person to Be Searched*

Four buccal DNA samples seized pursuant to Superior Court search warrants 2026CSWSLD003756, 2026CSWSLD003757, 2026CSWSLD003758, and 2026CSWSLD003760 and in FBI custody for: Sean BROOKS (FBI evidence number 1B117, MPDC barcode 11328522); Tevon SMITH (FBI evidence number 1B118, MPDC barcode 11328523); Shawn JONES (FBI evidence number 1B119, MPDC barcode 11328528); and Devin CUNNINGHAM (FBI evidence number 1B121, MPDC barcode 11329944).

# ATTACHMENT B

## DNA Evidence to be Seized

The DNA to be seized constitutes fruits, evidence, information, contraband, or instrumentalities, in whatever form and however stored, relating to violations of 18 U.S.C. § 924(c) (Possession of a Firearm in Relation to a Drug Trafficking Offense); 18 U.S.C. § 922(g)(1)) (Unlawful Possession of a Firearm by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year); 21 U.S.C. § 841 (Possession with Intent to Distribute a Controlled Substance) (the "TARGET OFFENSES").

a. The DNA to be seized will be contained within a saliva sample in MPDC custody that was taken from Sean BROOKS, Tevon SMITH, Shawn JONES and Devin CUNNINGHAM using a buccal swab pursuant to Superior Court for the District of Columbia search warrant numbers 2026CSWSLD003756, 2026CSWSLD003757, 2026CSWSLD003758, and 2026CSWSLD003760, executed on August 24, 2026.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| IN THE MATTER OF THE SEARCH OF FOUR BUCCAL SWABS IN LAW ENFORCEMENT CUSTODY UNDER RULE 41 | Case No. 26-SW-319<br><br>Filed Under Seal |
|---|---|

## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT

I, Joshua Rothman, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant authorizing the search of a buccal DNA sample taken from Sean BROOKS, Tevon SMITH, Shawn JONES and Devin CUNNINGHAM using a buccal swab pursuant to Superior Court for the District of Columbia search warrant numbers 2026CSWSLD003756, 2026CSWSLD003757, 2026CSWSLD003758, and 2026CSWSLD003760, executed on August 24, 2026 as described in Attachment A for the things described in Attachment B.

2. I am a Special Agent with the FBI and have been so employed since 2008. As such, I am an "investigative or law enforcement officer of the United States" within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in 18 U.S.C. § 2516.

3. I am currently assigned to the Violent Crimes Task Force ("VCTF") at Washington Field Office ("WFO"). The VCTF investigates violent crimes such as interstate kidnapping, carjacking, firearms violations, bank robbery, and other Hobbs Act violations. Through my employment with the FBI, I have gained knowledge in the use of various investigative techniques

including but not limited to: analyzing telephone pen register and caller identification system data; analyzing data from cellular service providers; conducting physical and electronic surveillance; and the execution of search and arrest warrants, including warrants authorizing the search of electronic information stored at premises controlled by third-party providers.

4. During my work as a Special Agent, I have conducted numerous criminal investigations. I have received training in general law enforcement and federal investigations. I have participated in the execution of numerous search warrants in which evidence and instrumentalities of criminal activity have been seized.

5. I have participated in the searches of numerous premises, vehicles, and individuals, which have led to the recovery of contraband and evidence, including narcotics, firearms, proceeds, and digital devices. As part of my duties, I have investigated crimes of violence about which offenders have communicated on social media platforms and/or electronic devices. I have learned, through training and experience, that criminals regularly use and carry cell phones to communicate with co-conspirators before, during, and after criminal activity, including to coordinate logistical matters. They also use cell phones to take and send pictures of firearms, money, and other fruits or evidence of their crimes. Because cell phones contain digital records of these relationships and communications, including text messages, digital devices can contain a great deal of information regarding a criminal's conduct and associates.

6. Your Affiant further understands, through training and experience, that cellular telephones used by subjects committing crimes often contain valuable information and evidence relating to their activities. Such information consists of, but is not limited to Global Positioning System data, and any other stored electronic data. This information can, among other things, identify locations where subjects traveled to before and after the commission of the crime.

7. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, law enforcement, and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter.

8. Unless otherwise noted, wherever in this affidavit I assert that a statement was made, that statement is described in substance and is not intended to be a verbatim recitation of such statement. Wherever in this affidavit I quote statements, those quotations have been taken from draft transcriptions, which are subject to further revision.

9. Unless otherwise stated, the conclusions and beliefs I express in this affidavit are based on my training, experience, and knowledge of the investigation, and reasonable inferences I have drawn from my training, experience, and knowledge of the investigation.

10. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. § 924(c) (Possession of a Firearm in Relation to a Drug Trafficking Offense); 18 U.S.C. § 922(g)(1)) (Unlawful Possession of a Firearm by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year); 21 U.S.C. § 841 (Possession with Intent to Distribute a Controlled Substance) (hereafter, the "TARGET OFFENSES") have been committed by, KEVIN ROACH ("ROACH"), Sean BROOKS ("BROOKS"), Tevon SMITH ("SMITH"), Shawn JONES ("JONES") and Devin CUNNINGHAM ("CUNNINGHAM") and their co-conspirators (collectively, the "SUBJECTS"). There is also probable cause to search the property described in Attachment A for evidence of the TARGET OFFENSES, as described in Attachment B.

**PROBABLE CAUSE**

*CCN 26-118-856*

11. On August 23rd, 2026, at approximately 12:39 a.m., MPDC Officers Pfaff, Shazier, Navoa and Henson were working alongside federal agents as part of the Make DC Beautiful and Safe task force. Officer Pfaff was facing westbound in the area of 4644 Easy Place Southeast, when he observed a dark-colored Dodge Charger displaying no front registration tag make a right turn from Boones Hill Road Southeast, onto Southern Avenue Southeast without activating its turn signal. After observing the traffic violation, Officer Pfaff followed the vehicle. The Dodge Charger subsequently made a left turn onto Benning Road Southeast and proceeded northbound at a high rate of speed. Officer Pfaff initiated a traffic stop and the Dodge Charger pulled over in the area of 4952 Benning Road Southeast.

12. A vehicle operated by Department of State Diplomatic Security Service (DSS) personnel positioned itself in front of the Dodge Charger. The Federal agents exited their vehicle and approached the Dodge Charger. The Dodge Charger then accelerated forward toward the DSS vehicle and the Federal Agents. As the vehicle accelerated forward toward the DSS personnel, the DSS agent was forced to quickly move out of the vehicle's path to avoid being struck. The Agent's evasive action was necessary to avoid being hit by the moving vehicle and potentially sustaining significant bodily injury. The Dodge Charger subsequently drove onto the curb, and in the processes striking their vehicle causing significant damage to the DSS vehicle, before maneuvering around the vehicle and continuing northbound on Benning Road Southeast. Due to the operator's disregard for the safety of the federal agents and the manner in which the Dodge Charger was driven toward them, DSS personnel continued pursuit of the vehicle in accordance with DSS department policy.

13. The Charger was weaving across both lanes of travel at high rates of speed. Both the oncoming lane and the lane of travel the Charger was supposed to be in. At times the Charger was maintaining the oncoming lane of travel for lengthy periods of time before shooting back to the correct lane of travel when there was a sizable enough gap between center median cones dividing lanes of travel. The Charger performed this maneuver several times. While the Charger was weaving across both lanes of travel it struck a parked car. The Charger spun a full circle and then shot forward, striking a small circle of bricks before coming to a stop. FBI Agent Walsh approached the vehicle and observed the driver's door open and the back passenger door closed.

14. FBI Agent Walsh then observed an individual, later identified as Sean BROOKS, running away from the vehicle. FBI Agent Walsh pursued Defendant Jones on foot and, after a brief foot pursuit, apprehended him and placed him in handcuffs. DHS Agent DePriest-Kessler approached the driver's side of the vehicle and observed Shawn JONES, seated in the rear passenger seat behind the driver's seat. DHS Agent DePriest-Kessler removed JONES from the vehicle and placed him in handcuffs. DSS Agent Foreman approached the vehicle as the front passenger, later identified as Trevon SMITH, began exiting the vehicle. SMITH attempted to flee from the scene but was stopped by DSS Agent Foreman and placed in handcuffs. DSS Agent Bartmann approached the vehicle and observed the rear passenger door open as an individual began exiting the vehicle. DSS Agent Bartmann detained the remaining rear-seat occupants, later identified as Kevin ROACH, and Devon CUNNINGHAM.

15. The following items were seized from the vehicle subsequent to the arrest of the occupants: a Glock 20 serial number CBPN065 from the middle of the back passenger seat; a Glock 19 serial number BNKC022 with a machine gun conversion device from underneath the

driver's seat; and a Century Arms Micro Draco serial number ROA22MD-35683 from a backpack on the rear passenger floorboard.

16. A search incident to arrest of JONES revealed a pink, rock-like substance concealed within multiple plastic bags. The suspected narcotics had an approximate weight of 33.5 grams. Officer Novoa conducted a field test of the suspected narcotics, which produced a positive color indication for MDMA. A search incident to arrest of BROOKS revealed a small clear plastic bag containing 23 white pills stamped "IP204." Officer Novoa used a pill-identification reference to identify the pills as containing 10 mg of oxycodone hydrochloride, a controlled substance that requires a valid prescription for lawful possession. Prior to providing JONES with his sweatpants in the cellblock, Officer Pfaff searched the sweatpants for contraband. During the search, Officer Pfaff located a small clear plastic bag containing a white, rock-like substance. The suspected substance had an approximate weight of 6 grams. Officer Shaizer conducted a field test of the suspected substance, which produced a positive color indication for crack cocaine. CUNNINGHAM was transported to the hospital for medical treatment. While at the hospital, hospital staff recovered a small clear plastic bag containing a white, rock-like substance from CUNNINGHAM. Hospital staff subsequently turned the suspected substance over to officers for processing. Officer Novoa field tested the white rock like substance which yielded a positive color indication for crack with also weighed 3 grams.

17. BROOKS was charged with Carrying a Pistol Without a License Outside of a Home/business, Possession of Unregistered Firearm/Unlawful Possession of A Firearm or Destructive Device, Possession of Unregistered Ammunition, Possession of A Controlled Substance-Felony, Prohibited Possession of Certain Dangerous Weapons (Machine Gun), National Firearms Act, Reckless Driving, Fleeing from a Law Enforcement Officer in a Motor

Vehicle, Assault on a Federal Police Officer (Aggravated Assault), Receiving Stolen Property and Leaving After Colliding- Property Damage.

18. SMITH was charged with Carrying a Pistol Without a License Outside of a Home/business, Possession of Unregistered Firearm/Unlawful Possession of A Firearm or Destructive Device, Possession of Unregistered Ammunition, Possession of A Controlled Substance-Felony, Prohibited Possession of Certain Dangerous Weapons (Machine Gun), National Firearms Act and Receiving Stolen Property.

19. JONES was charged with Carrying a Pistol Without a License Outside of a Home/business, Possession of Unregistered Firearm/Unlawful Possession of A Firearm or Destructive Device, Possession of Unregistered Ammunition, Possession of A Controlled Substance-Felony, Prohibited Possession of Certain Dangerous Weapons (Machine Gun), National Firearms Act and Receiving Stolen Property.

20. CUNNINGHAM was charged with Carrying a Pistol Without a License Outside of a Home/business, Possession of Unregistered Firearm/Unlawful Possession of A Firearm or Destructive Device, Possession of Unregistered Ammunition, Possession of A Controlled Substance-Felony, Prohibited Possession of Certain Dangerous Weapons (Machine Gun), National Firearms Act and Receiving Stolen Property.

## CONCLUSION

21. I submit that this affidavit supports probable cause for Your Affiant to compare the DNA from Sean BROOKS, Tevon SMITH, Shawn JONES and Devin CUNNINGHAM seized by MPDC to DNA swabs taken from the firearms seized from the Dodge Charger at the time of the arrest.

Respectfully submitted,

______________________________
Joshua Rothman
Special Agent
Federal Bureau of Investigation

Subscribed and sworn pursuant to Fed. R. Crim. P. 4.1 and 41(d)(3) on October 5, 2026.

______________________________
HONORABLE MATTHEW J. SHARBAUGH
UNITED STATES MAGISTRATE JUDGE